IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-HC-2198-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM FAGAN,<br><br>Respondent. | ) | JOINT PRE-TRIAL ORDER PURSUANT TO L.R. 16.1 (C) E.D.N.C. |

I. STIPULATIONS:

1. All parties are properly before the Court.

2. The Court has jurisdiction of the parties and the subject matter.

3. All parties have been correctly designated.

4. There is no question as to misjoinder or non-joinder of the parties.

5. Venue of this matter is proper in this Court.

6. This action arises under the Adam Walsh Act, 18 U.S.C. § 4248, and this Court has original jurisdiction.

7. Copies of all official documents, documents kept in the ordinary course of business, and all production exchanged during discovery in this matter are genuine and authentic.

8. At trial, the parties will submit a Joint Trial Notebook, which will contain the exhibits to which the parties have stipulated to the authenticity and admissibility.

II. CONTENTIONS:

A. PETITIONER

1. Facts:

a. Respondent, William (a.k.a. "Billy") Fagan, was born in 1973.

b. In May 1990, Respondent was charged in the state of Florida with numerous counts of Felony Lewd Assault against several minor-aged children. Some of these charges were Nolle Prossed, and others were resolved in juvenile court.

c. In November 1991, Respondent was charged in the state of Florida with Sexual Battery against S.N., a sixteen year old female, Disorderly Intoxication, and two counts of Battery on Police Officer. On February 18, 1992, Respondent plead guilty to one count of Battery on a Police Officer and nolo contendere to misdemeanor Battery against S.N. He received three years of probation. On December 17, 1993, probation was revoked, and he was sentenced to 364 days in jail, with credit for time served.

d. In August 1993, Respondent was arrested in the state of Florida on felony cocaine charges. On December 17, 2003, he plead guilty to the charges. He received a 364 day jail sentence and was placed on community control. On October 30, 1997, his probation was revoked, and he was sentenced to three years of custody.

e. On February 24, 2003, Respondent was adjudicated guilty in federal court of Felon in Possession of

a Firearm and sentenced to a 180-month term of imprisonment to be followed by 3 years of supervised release. Respondent satisfied this term of imprisonment on September 25, 2015.

f. In June 2003, Respondent was charged in the state of Florida with Sexual Battery on a Person Less than 12 Years Old and False Imprisonment. The victims were an eight year old girl and a six year old boy. On June 28, 2005, Respondent was sentenced to a five year term of imprisonment as a result of his guilty plea to Felony Battery on a Child and a consecutive one year and one day term of imprisonment on his guilty plea to False Imprisonment.

g. On August 31, 2015, Respondent was certified as a sexually dangerous person pursuant to Title 18, United States Code, Section 4248. At the time of his certification, Respondent was in the legal custody of the Federal Bureau of Prisons at the Federal Correctional Institution in Butner, North Carolina, serving the remainder of the above-referenced federal sentence.

h. Respondent is a sexually dangerous person with the meaning of 18 U.S.C. §§ 4247-48, in that he suffers from a serious mental illness, abnormality or disorder, as a result of which he would have serious difficulty in refraining from sexually violent conduct or child molestation if released.

i. Petitioner reserves the right to augment these facts when Petitioner files his proposed findings of facts in accordance with the Local Rules.

2. Issues:

a. Has Respondent engaged in or attempted to engage in sexually violent conduct or child molestation?

b. Is Respondent sexually dangerous in that he suffers from a serious mental illness, abnormality or disorder, as a result of which he would have serious difficulty in refraining from sexually violent conduct or child molestation if released?

B. RESPONDENT

2. Issues:

a. Respondent has not engaged in or attempted to engage in sexually violent conduct or child molestation.

b. Respondent does not suffer from a serious mental illness, abnormality or disorder and therefore, would not have serious difficulty in refraining from sexually violent conduct or child molestation, if released.

III. EXHIBITS

A. PETITIONER:

| # | Description | Bates Stamp# BOP_FAGA_ | Objections |
|---|---|---|---|
| 1 | CV of Dr. Dawn Graney | N/A | |
| 2 | Forensic Evaluation Report of Dr. Graney, dated July 30, 2015 | 1070-1119 | |
| 3 | CV of Dr. Karen Parker | N/A | |
| 4 | Forensic Evaluation Report of Dr. Karen C. Parker, dated May 5, 2008 | 1378-1403 | |
| 5 | Forensic Evaluation Report of Dr. Karen C. Parker, dated Nov. 30, 2015 | 2341-2375 | |

| | | | |
|---|---|---|---|
| 6 | Certification of a Sexually Dangerous Person, filed Aug. 31, 2015 | Dkt Entry # 1 | |
| 7 | Court Records<br>Florida v. Fagan, Case No. 90-6065 | 1153-1160 | |
| 8 | Law Enforcement/Court Records<br>Florida v. Fagan, Case No. 90-6066<br>Agency Case No. 90-88639<br>Juvenile Case No. 90-2504 | 1166-67; 2640-42; 2647-56 | |
| 9 | Law Enforcement/Court Records<br>Florida v. Fagan, Case No. 90-6067<br>Agency Case Nos. 90-95629; 90-92884<br>Juvenile Case No. 90-2551 | 1164-65; 1978-79; 1984; 2642 | |
| 10 | Law Enforcement/Court Records<br>Florida v. Fagan, Case No. 90-6068<br>Agency Case No. 90-92885 | 1162-63; 1977; 2519-22 | |
| 11 | Law Enforcement/Court Records<br>Florida v. Fagan, Case No. 90-6069<br>Agency Case No. 91-09-1530 | 1161; 1953-55; 1990; 2157-62 | |
| 12 | Law Enforcement/Court Records<br>Florida v. Fagan, Case Nos. 90-6070; 6071; 6072; 6073; 6074; 6075; 6076 | 2412-23; 2512-16; 2523-56; 2572-76 | |
| 13 | Law Enforcement/Court Records<br>Florida v. Fagan, Case No. 90-6286 | 1513-14; 1991-93 | |
| 14 | Law Enforcement/Court Records<br>Florida v. Fagan, Case No. 90-6287 | 1762-63; 2470-79 | |
| 15 | Law Enforcement/Court Records<br>Florida v. Fagan, Case No. 90-6289 | 1171-73; 1987-89 | |
| 16 | Law Enforcement/Court Records<br>Florida v. Fagan, Case No. 90-6290 | 1168-1170; 1985-86 | |
| 17 | Plea Agreement, Circuit Court, Palm Beach Co. Juvenile and Family Div., Case Nos. 90-2504, 2551, 2552, 4996, dated Sept 7, 1990 | 2642 | |
| 18 | Law Enforcement/Court Records<br>Florida v. Fagan, Case No. 91-9436<br>Agency Case No. 91-08-1347 | 1131-32; 1148-49; 1515-17; 1921-43; 1947-52; 1964-66; 1975-76 | |
| 19 | Judgment (probation violation)<br>Florida v. Fagan, Case No. 91-9436 | 1518 | |

| | | | |
|---|---|---|---|
| | Dec. 17, 1993 | | |
| 20 | Presentence Report (under seal), Case No. 02-80143 | 1594-1620 | |
| 21 | Judgment in a Criminal Case, United States v. Fagan, No. 9:02CR80143, Feb. 24, 2003 | 6-11 | |
| 22 | Law Enforcement/Court Records Florida v. Fagan, Case No. 02-12122 Agency Case No. 02-106526 | 16; 1183-84; 1188; 1780; 1994-96 | |
| 23 | Judgment and Sentence, Florida v. Fagan, Case No. 02-12122, dated June 28, 2005 | 1185-1187 | |
| 24 | Letter from Florida Dept. of Corrections, Mar. 31, 2009 | 13 | |
| 25 | Bureau of Prisons Psychology records | 1029, 1034, 1038, 1052, 1060 | |
| 26 | BOP Inmate Discipline Records | 208, 217-19 | |
| 27 | BOP Residential Drug Program Refusal, July 10, 2009 | 1065-66 | |
| 28 | Correspondence Between Fagan and U.S. Probation, June 2015 | 314-318 | |
| 29 | Correspondence from Fagan to his Son K.F., December 2015 | 2757-58 | |
| 30 | Florida Department of Law Enforcement Records indicating Fagan is a Sexual Offender under Florida Law | 2890-2893 | |
| 31 | Transcript, Deposition of William Fagan, Feb. 2, 2016 | N/A | |
| 32 | MSI II Test Results, July 20, 2015 | 2029-2031 | |
| 33 | Undated Letter from Respondent, William Fagan | 2802-2811 | |

Petitioner reserves the right to designate and use any exhibits identified by Respondent in this action. Respondent has no objections to Petitioner's list of Exhibits.

B. RESPONDENT:

| # | Description | Bates # | Objections |
|---|---|---|---|
| 1 | November 4, 2015 Report of Dr. Joseph Julian Plaud | RESP_1-19 | |
| 2 | Curriculum Vitae of Dr. Joseph Julian Plaud | RESP_20-56 | |
| 3 | October 25, 2015 Report of Dr. Diane Lytton | CAE_2320-2340 | |
| 4 | Curriculum Vitae of Dr. Diane Lytton | N/A | |
| 5 | News Article | AEO_2658 | |
| 6 | News Article | BOP_1304-1305 | |
| 7 | News Article | BOP_1306-1322 | |
| 8 | November 11, 1991 Interview by Stephen Ramirez | AEO_1841-1848 | |
| 9 | October 12, 1991 Interview | AEO_1849-1860 | |
| 10 | October 27, 1991 Interview by Hilary Sheehan | AEO_1861-1868 | |
| 11 | September 10, 1990 Memo From Office of the State Attorney | AEO_2383-2384 | |
| 12 | Stipulation for Deferred Prosecution, February 27, 1992 | AEO_2385-2391 | |
| 13 | State of Florida vs. William Fagan, Nolle Prosse, September 7, 1990 | AEO_2448 | |

| | | | |
|---|---|---|---|
| 14 | Sheriff's Office Offense Report, April 29, 1990 | AEO_2450-2451 | |
| 15 | Sheriff's Office Offense Report, April 29, 1990 | AEO_2463-2464 | |
| 16 | Sheriff's Office Offense Report, May 7, 1990 | AEO_2476-2477 | |
| 17 | Sheriff's Office Offense Report, May 7, 1990 | AEO_2503-2507 | |
| 18 | Sheriff's Office Offense Report, April 29, 1990 | AEO_2515 | |
| 19 | Sheriff's Office Offense Report, April 24, 1990 | AEO_2521-2522 | |
| 20 | Sheriff's Office Offense Report, April 18, 1990 | AEO_2525-2527 | |
| 21 | Sheriff's Office Offense Report, April 29 1990 | AEO_2534-2535 | |
| 22 | Sheriff's Office Offense Report, April 29, 1990 | AEO_2539-2540 | |
| 23 | Sheriff's Office Offense Report, April 24, 1990 | AEO_2545-2546 | |
| 24 | Sheriff's Office Offense Report, May 7, 1990 | AEO_2553-2555 | |
| 25 | Sheriff's Office Offense Report, April 24, 1990 | AEO_2566-2569 | |
| 26 | Sheriff's Office Offense Report, April 29, 1990 | AEO_2575-2576 | |
| 27 | Sheriff's Office Offense Report, April 29, 1990 | AEO_2593-2594 | |
| 28 | Sheriff's Office Offense Report, April | AEO_2593-2594 | |

| | | | |
|---|---|---|---|
| | 29, 1990 | | |
| 29 | Interview dated August 9, 1991 | AEO_2603-2633 | |
| 30 | Interview dated October 12, 1991 | AEO_2741-2752 | |
| 31 | Juno Police Dept. Report, February 1, 1991 | AEO_2445 | |
| 32 | State of Florida vs. William Fagan, Nolle Prosse, September 7, 1990 | AEO_2469 | |
| 33 | State of Florida vs. William Fagan, Nolle Prosse, September 7, 1990 | AEO_2488 | |
| 34 | State of Florida vs. William Fagan, Nolle Prosse, September 7, 1990 | AEO_2498 | |
| 35 | State of Florida vs. William Fagan, Nolle Prosse, September 7, 1990 | AEO_2511 | |
| 36 | State of Florida vs. William Fagan, Nolle Prosse, September 7, 1990 | AEO_2512 | |
| 37 | State of Florida vs. William Fagan, Nolle Prosse, September 7, 1990 | AEO_2517 | |
| 38 | State of Florida vs. William Fagan, Nolle Prosse, September 7, 1990 | AEO_2519 | |
| 39 | State of Florida vs. William Fagan, Nolle Prosse, September 7, 1990 | AEO_2523 | |
| 40 | State of Florida vs. William Fagan, Nolle Prosse, September 7, 1990 | AEO_2531 | |
| 41 | State of Florida vs. William Fagan, Nolle Prosse, September 7, 1990 | AEO_2537 | |
| 42 | State of Florida vs. William Fagan, Nolle Prosse, September 7, 1990 | AEO_2542 | |
| 43 | State of Florida vs. William Fagan, Nolle | AEO_2549 | |

| | | | |
|---|---|---|---|
| | Prosse, September 7, 1990 | | |
| 44 | State of Florida vs. William Fagan, Nolle Prosse, September 7, 1990 | AEO_2557 | |
| 45 | State of Florida vs. William Fagan, Nolle Prosse, September 7, 1990 | AEO_2559 | |
| 46 | State of Florida vs. William Fagan, Nolle Prosse, September 7, 1990 | AEO_2573 | |
| 47 | State of Florida vs. William Fagan, Nolle Prosse, September 7, 1990 | AEO_2589 | |
| 48 | State of Florida vs. William Fagan, Nolle Prosse, September 7, 1990 | AEO_2591 | |
| 49 | State of Florida vs. William Fagan, Nolle Prosse, September 7, 1990 | AEO_2634 | |
| 50 | State of Florida vs. William Fagan, Nolle Prosse, September 7, 1990 | AEO_2645 | |
| 51 | Documents from Attorney Peter Grable | RESP_64-69 | |

Respondent reserves the right to designate and use any exhibits identified by Petitioner in this action. Petitioner has no objections to Respondent's list of Exhibits 1-50. Petitioner objects to Exhibit 51 based on lack of relevance, Fed. R. Evid. 401 and 402; unqualified expert opinion, Fed. R. Evid. 703; and hearsay, Fed. R. Evid. 803.

## IV. DESIGNATION OF PLEADINGS AND DISCOVERY MATERIALS

### A. PETITIONER

Petitioner designates the entire pleadings and responses and

the transcripts of the following depositions for purposes of cross-examination: Dr. Lytton and Respondent William Fagan. Petitioner reserves the right to use, as necessary, all portions of these documents, as appropriate, pursuant to the Federal Rules of Evidence and the Local Rules.

B. RESPONDENT

Respondent designates the entire pleadings and responses, transcripts of any depositions, and any discovery material exchanged between the parties for purposes of cross-examination. Respondent reserves the right to use, as necessary, all portions of these documents, as appropriate, pursuant to the Federal Rules of Evidence and the Local Rules.

IV. WITNESSES

A. PETITIONER:

| Name | Address | Proposed Testimony |
|---|---|---|
| Dr. Dawn Graney, BOP Psychologist | FCI Butner<br>PO Box 1000<br>Butner, NC 27509 | Expert testimony regarding Issues (a) and (b) identified by Petitioner |
| William Fagan | FCI Butner<br>PO Box 1000<br>Butner, NC 27509 | Testimony regarding Issues (a) and (b) identified by Petitioner |
| Dr. Karen Parker, Psychologist | 1400 Village Square Blvd. #3-344, Tallahassee, Florida 32312 | Expert testimony regarding Issues (a) and (b) identified by Petitioner |
| Andre Taylor, BOP Counselor (or alternate BOP employee) | FCI Butner<br>PO Box 1000<br>Butner, NC 27509 | If needed, testimony regarding authenticity of records maintained by BOP |

| | | |
|---|---|---|
| Marissa Vasquez, Mr. Fagan's former spouse | Contact Information Provided to Respondent's Counsel | Testimony regarding her relationship with Mr. Fagan |

Petitioner reserves the right to call any witness listed by Respondent in this Pretrial Order. Petitioner reserves the right to call rebuttal witnesses, as appropriate. Respondent objects to the testimony of Marissa Vasquez on grounds of relevancy.

B. RESPONDENT:

| Name | Address | Proposed Testimony |
|---|---|---|
| Dr. Diane Lytton | 2700 W. College Avenue #9-347 Appleton, WI 54914 | Expert testimony regarding issues (a) and (b) identified by Petitioner |
| William Fagan | FCI Butner PO Box 1000 Butner, NC 27509 | Testimony re: prior offenses and convictions, facts relating to same, and suitability for release. |
| Dr. Joseph Julian Plaud | 12 Gloucester Street, Number Two Boston, MA 02115 | Expert testimony regarding issues (a) and (b) identified by Petitioner |

Respondent reserves the right to call any witness listed by Petitioner in this Pretrial Order. Respondent reserves the right to call rebuttal witnesses, as appropriate.

TRIAL TIME ESTIMATE: 1-2 days.

FOR PETITIONER:

JOHN STUART BRUCE
Acting United States Attorney

By: /s/ Michael Lockridge
Michael Lockridge
Attorney for Petitioner
Special Assistant U.S. Attorney
U.S. Attorney's Office
Civil Division
310 New Bern Avenue
Suite 800, Federal Building
Raleigh, NC 27601-1461
Telephone: (919) 575-3900 x5093
Facsimile: (919) 856-4821
michael.e.lockridge@usdoj.gov
NC Bar No. 28644

FOR RESPONDENT:

THOMAS P. McNAMARA
Federal Public Defender

/s/ Joseph H. Craven
Joseph H. Craven
Attorney for Respondent
Office of the Federal Public Defender
150 Fayetteville Street
Suite 450, Wells Fargo Center
Raleigh, North Carolina 27601
Telephone: 919-856-4236
Fax: 919-856-4477
E-mail: joseph_craven@fd.org
N.C. State Bar No. 26116
LR 57.1 Counsel Appointed

APPROVED BY:

JAMES C. DEVER III
Chief United States District Judge